IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY KOGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 cv 07150 |
| | ) | |
| | ) | Judge Matthew F. Kennelly |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY; and COOK COUNTY, ILLINOIS | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, GREGORY KOGER, by and through his undersigned attorneys, respectfully moves for the entry of a preliminary injunction prohibiting Defendant Thomas J. Dart, Sheriff of Cook County, from enforcing the Cook County jail's unconstitutional policy of prohibiting inmates from receiving and obtaining newspapers, in violation of Plaintiff's First Amendment rights. In further support of this motion, Plaintiff states as follows:

**1.** Plaintiff has a reasonable likelihood of succeeding on the merits of the action.

**2.** Access to newspapers, such as the Chicago Tribune, is protected speech under the First Amendment.

**3.** Access to newspapers, such as the Chicago Tribune, pose no threat to the security or safety at the Cook County jail and serve no other legitimate penological interest.

**4.** Plaintiff will suffer irreparable harm without the issuance of a preliminary injunction in the form of the loss of his First Amendment freedoms.

**5.** Plaintiff has no adequate remedy at law.

6. The balance of harms weigh in Plaintiff's favor.

7. A preliminary injunction will not adversely affect the public's interest. In fact, the public will benefit if the newspaper ban is ended, because the important public interest of prisoner rehabilitation will be served if inmates are permitted to read and gain information from access to newspapers.

8. In support of this motion, Plaintiff has concurrently filed its Memorandum in Support of Preliminary Injunction dated October 11, 2013.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order preliminarily enjoining Thomas J. Dart and Cook County, Illinois from enforcing its general ban on inmates' obtaining and receiving newspapers at the Cook County jail and for such further relief as the Court may deem necessary and just.

Respectfully submitted,

/s/ Mark G. Weinberg
Counsel for Plaintiff

/s/ Zisl Taub Edelson
Counsel for Plaintiff

Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, IL 60641
(773) 283-3913

Zisl Taub Edelson
6257 N. McCormick, Blvd, #144
Chicago, IL 60659
(773) 587-9693