**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREFORY KOGER, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 7150 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Matthew F. Kennelly |
| THOMAS J. DART SHERIFF OF COOK | ) | |
| COUNTY; and COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFEDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR INJUCTIVE RELIEF**

### I. INTRODUCTION

Plaintiff, Gregory Koger, seeks this Court to enter a preliminary injunction prohibiting Defendant, Thomas J. Dart, from enforcing the Cook County Jail's policy of prohibiting inmates from receiving and obtaining newspapers.

### II. FACTS

Plaintiff filed his motion for preliminary injunction with this Court on October 11, 2013. Plaintiff was admitted to the Cook County Department Jail on or about November 1, 2009.. On August 7, 2013, Plaintiff's friend sent him a copy of the Chicago Tribune that was returned to sender. Cook County Department of Corrections General Order 14.10 became effective on July 7, 2007, which replaced General Order 14.10 effective April 1, 1994, and states that newspapers are contraband and will not be accepted through the mail. On or about October 24, 2013, Plaintiff was released from the Cook county Jail.

### III. ARGUMENT

This Court should deny Plaintiff's motion for preliminary injunction because (1) No actual controversy between the parties exists and (2) General Order 14.10 is reasonably related to a legitimate penalogical interest.

### A. No actual controversy between the parties exists

Plaintiff was discharged from the Cook County Jail on or about October 24, 2013 and therefore lacks standing to bring this preliminary injunction. "In order to be granted an injunction, a plaintiff must have standing in the cause, which requires a showing of a clearly ascertainable right or interest that needs protection." *Moran Transp. Corp. v. Stroger*, 303 Ill. App. 3d 459, 469 (1999); *citing Hough v. Weber*, 202 Ill. App. 3d 674 685 (1990). "The doctrine of standing is designed to insure that the courts are accessible to resolve 'actual controversies' between parties and not address abstract questions, moot issues or cases brought on behalf of others who may not desire judicial aid." *Id*.; *citing Jenner v. Wissore*, 164 Ill. App. 3d 259, 267 (1988). "'Actual' does require a showing that the underlying facts and issues of the case are not moot or premature; there must be a concrete dispute that admits of an immediate and definitive determination of the parties' rights." *Id*. Because Plaintiff is no longer a detainee in the Cook County Jail, the issue in Plaintiff's motion is moot and there is no relief that this Court can grant.

### B. General Order 14.10 is reasonably related to a legitimate penalogical interest.

The ban on newspapers is reasonable because they are highly flammable and present a security risk concerning on-going trials, witness testimony, and the identification of certain detainees. (Def. Ex. I ¶¶8-11) "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if is reasonably related to legitimate penalogical interests." *Turner v. Safley*, 482 U.S. 78, 85 (1987). There are four factors relevant to determining the

reasonableness of the regulation: (1) is there a valid, rational connection the regulation and the conduct, (2) are there an alternative means of exercising this right, (3) what is the impact accommodation of the asserted constitutional rights will have on guards and other inmates; and (4) the absence of ready alternatives is evidence of the reasonableness of the regulation. *Id.*

The safety of detainees at the Cook County Jail is a legitimate penalogical interest. One such issue that threatens the safety of detainees is the setting of fires in cells. (Def. Ex. I ¶7) Because newspapers are highly flammable, it is reasonable to ban inmates from possessing newspapers in their cells. Another threat to the safety of inmates is violence from other inmates. (Def. Ex. I ¶9) Newspapers contain information regarding witness testimony, and the identification of detainees and their charges. (Def. Ex. I ¶10). For instance, through a newspaper rival gang members may learn that another gang member is scheduled to testify on a particular day or that a detainee is facing charges of a sexual nature against a child. Armed with this knowledge, gang members and detainees may try to retaliate against another detainee. It is reasonable to limit inmates' knowledge of on-going trials and criminal charges to prevent inmate-on-inmate violence.

Each division in the Cook County Jail is equipped with a library and detainees have access to the television. (Def. Ex. I ¶¶12-13). Therefore, detainees have an alternative means of exercising their First Amendment rights. Specifically, detainees are not prevented from receiving information by watching the news on television. (Def. Ex. I ¶ 14).

Allowing detainees to possess newspapers would have a profound impact on the ability of guards to ensure the safety of the Cook County Jail and would place all inmates at risk. As mentioned earlier, newspapers present a significant threat to the safety of the Cook County Jail as they present a fire risk and allow for inmates to learn details of ongoing trials that could result

in retaliation. Moreover, Plaintiff seeks an outright ban on the enforcement of General Order 14.10 as it pertains to all inmates, and therefore accommodating Plaintiff's asserted Constitutional right would have a dramatic impact on Cook County Jail operations.

Lastly, Plaintiff offers no alternative to General Order 14.10 in his motion for preliminary injunction, and the absence of alternatives is evidence of the reasonableness of the general order.

## CONCLUSION

For the foregoing reasons, this Honorable Court should deny Plaintiff's motion for preliminary injunction.

                                                  Respectfully Submitted,

                                                  ANITA ALVAREZ
                                                  State's Attorney of Cook County
By:    */s/Brenden Bryant*
            Brenden Bryant
            Assistant State's Attorney
            500 Richard J. Daley Center
            Chicago, Illinois 60602
            (312)603-5471

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY KOGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOM DART ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 13 C 7150 <br><br> Honorable Judge Matthew F. Kennelly |

**NOTICE OF FILING**

To: Mark Weinberg
3612 N. Tripp Ave
Chicago, IL 60641

PLEASE TAKE NOTICE that on November 4, 2013, at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Matthew F. Kennelly in the courtroom usually occupied by him in Room 2103 of the Dirksen Federal Courthouse at 219 South Dearborn, Chicago, IL 60604 and present **Defendant's Response to Plaintiff's Motion for Preliminary Injunction**, a copy of which is hereby served upon you.

By: /s/ Brenden Bryant
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5471

**CERTIFICATE OF SERVICE**

I, Brenden Bryant, Assistant State's Attorney, certify that I electronically filed the above document with the Clerk of the Court and caused it to be served on all individuals via ECF.

By: /s/ Brenden Bryant
Brenden Bryant