IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY KOGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 7150 |
| v. ) | |
| THOMAS J. DART, SHERIFF OF COOK ) | Judge Kennelly |
| COUNTY; and COOK COUNTY, ILLINOIS ) | Magistrate Judge Keys |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE INSTANTER
ATTACHED AMENDED COMPLAINT**

Plaintiff GREGORY KOGER, by his undersigned attorneys, pursuant to 42 U.S.C. § 1983 moves this Honorable Court for leave to file the attached amended complaint instanter. In support thereof, Plaintiff states as follows::

**Nature of the Case**

1. This is a §1983 suit alleging that Defendant Dart has promulgated and enforced a constitutionally defective policy that prohibits all inmates at the Cook County Jail from receiving and obtaining any newspapers, including the Chicago Tribune, while detained in jail, resulting in the interference with Plaintiff's and other inmates' First Amendment rights under the United States Constitution.

2. In his original Complaint, Plaintiff requested four distinct forms of relief: (1) a declaratory judgment; (2) a preliminary injunction; (3) a permanent injunction; and (4) nominal damages. Complaint at ¶25.

3. The crux of this Motion is that Plaintiff seeks to amend his original Complaint, filed October 4, 2013, to remove and abandon any claim for preliminary injunctive relief.

4. Plaintiff seeks to amend his Complaint because has come to understand that he cannot rely on the doctrine known as "capable of repetition but evading review" to establish a legal basis for obtaining preliminary injunctive relief. This is so for two

1

reasons: (1) while in a class action a claim for preliminary injunctive relief does not become moot when the named plaintiff's claim expires, U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 404 (1980) ("an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim."), Plaintiff has not brought this case as a class action; and (2) while the "capable of repetition but evading review" doctrine applies when the subject of the preliminary relief is likely to arise again between the same litigants, Wirtz et al. v. City of South Bend, 669 F.3d 860, 863 (7th Cir. 2012), Plaintiff cannot credibly allege that he faces a realistic threat of being subject in the future to the Sheriffs' no-newspaper policy, since it would demand his being arrested and placed in Cook County Jail again.

     5.     Other than abandoning his claim for preliminary injunctive relief, the attached Amended Complaint is the same as the original Complaint

     6.     Plaintiff simply seeks to proceed with his claims without seeking preliminary injunctive relief.

     7.     The granting of this Motion would obviate the need to proceed with the briefing schedule, initiated by the court on November 4, 2013, concerning the question whether injunctive relief can be appropriately sought here.

     8.     Permitting Plaintiff to make this amendment would not cause unfair delay or prejudice to any party.

     WHEREFORE, Plaintiff requests that this Court grant him leave to file the attached Second Amended Complaint instanter.

Respectfully submitted,

/s/ Mark G. Weinberg

/s/ Zisl Taub Edelson
*Counsel for Plaintiffs*

| | |
|---|---|
| Mark G. Weinberg | Zisl Taub Edelson, Esq. |
| 3612 N. Tripp Avenue | 6257 N. McCormick, Blvd, #144 |
| Chicago, IL 60641 | Chicago, IL 60659 |
| Ph. (773) 283-3913 | Ph. 773-587-9693 |
| Illinois Atty. No. 6199578 | Illinois Atty. No. 6196728 |