**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY KOGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 C 7150 |
| v. | ) | |
| THOMAS J. DART, SHERIFF OF COOK | ) | Judge Kennelly |
| COUNTY; and COOK COUNTY, ILLINOIS | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |
| | ) | |

**AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,
DECLARATORY JUDGMENT AND OTHER INJUNCTIVE RELIEF**

Plaintiff GREGORY KOGER, by his undersigned attorneys, pursuant to 42 U.S.C. § 1983 complains against the Defendants Sheriff Thomas J. Dart and Cook County as follows:

**Nature of the Case**

1.       This is a civil rights action in which Plaintiff seek relief for Defendants' violations of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the First Amendment to the United States Constitution.

2.       At all times relevant, Defendant Dart has promulgated and enforced a constitutionally defective policy that prohibits all inmates at the Cook County Jail from receiving and obtaining any newspapers, including the <u>Chicago</u> <u>Tribune</u>, while detained in jail, resulting in the interference with Plaintiff's and other inmates' First Amendment rights under the United States Constitution.

3.       Plaintiff seeks a declaratory judgment that Defendant Dart's policy of prohibiting inmates from receiving newspapers violates Plaintiff's First Amendment rights. Plaintiff also seeks permanent injunctive relief to prohibit Defendant Dart from enforcing such policy in the future. Plaintiff also seeks nominal monetary damages ($1.00) for Defendant Dart's violation of his First Amendment rights, as well as such other relief as this Court deems equitable and just.

1

## Jurisdiction and Venue

4.     Jurisdiction is proper in this court pursuant to 28 U.S.C. §§ 1331 and 2201. Pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper. Rule 65 of the Federal Rules of Civil Procedure authorizes injunctive relief. This Court has authority to award costs and attorneys' fees under 42 U.S.C. §§ 1988 and 3613(c)(2).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all the events giving rise to the claims asserted herein occurred in Cook County.

## Parties

6.     Plaintiff Gregory Koger is a citizen of the United States and at all times relevant hereto was a resident of the City of Chicago, County of Cook, State of Illinois.

7.     Defendant Thomas J. Dart is and at all time relevant hereto was the Sheriff of Cook County and is and was responsible for the day-to-day operations of the Cook County Department of Corrections. Plaintiff sues Dart in his official capacity.

8.     Plaintiff joins Cook County pursuant to Carver v. Sheriff of LaSalle County, 324 F. 3d 947 (7th Cir. 2003). Cook County is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any Cook County employee acting within the scope of his/her employment is found liable.

## Factual Allegations

9.     Plaintiff was admitted to Cook County Jail, located at 2600 South California Ave., Chicago, Illinois, on or about July 23, 2013 to serve the remaining portion of his 300-day sentence for misdemeanor criminal trespass, simple battery and resisting arrest. (People v. Koger, Case No. 09-200 4948 01, Circuit Court of Cook County, Criminal Division).

10.     Plaintiff is set to be released from Cook County Jail on or around October 24, 2013.

11.     On August 7, 2013, Plaintiff's friend Barbara Lyons sent him at the jail  a copy of a Chicago Tribune newspaper, dated August 5, 2013 to keep him up to date and

2

informed on news and public affairs in Chicago and throughout the world.

12.     On August 13, 2013, the newspaper was returned to Barbara Lyons in the same manilla envelope in which it was sent, with the word "Return!" written in black magic marker on the face of the envelope.

13.      Inside the returned envelope, there were two items: the returned copy of the <u>Chicago</u> <u>Tribune</u> and a form entitled "Cook County Department of Corrections/Notice of Return Mail," which lists 40-plus items prohibited from being sent to inmates at the jail, including an item that reads "No Newspapers."

14.     On the enclosed form, the item "No Newspapers" was circled and checked with an "X," thereby indicating that this was the basis for the jail's decision to return the <u>Tribune</u> to Plaintiff's friend Barbara Lyons.

15.     Plaintiff was never given notice by the jail that the newspaper was returned to its sender.[1]

**Section 1983 Liability Against Defendant Dart
for Jail's Unconstitutional Policy**

16.     The Cook County Department of Corrections has a formal written policy that absolutely prohibits inmates at the Cook County Jail from receiving and obtaining newspapers.

17.     The form described above, entitled "Cook County Department of Corrections/Notice of Return Mail," clearly indicates the existence of such policy.

18.     In addition, the Cook County Department of Correction's own website sets forth an alphabetical list of items that "<u>CAN NOT</u> be sent to an inmate," and includes on this list a blanket ban on "newspapers." (See, <u>http://www.cookcountysheriff. org/doc/doc_ inmatemail.html</u>, last visited on October  4, 2013).

---

[1]   On August 22, 2013, when told by a visitor that his newspaper was returned to sender and that inmates are prohibited by policy from obtaining and receiving newspapers, Plaintiff filed a grievance with the Cook County jail objecting to the blanket ban. A copy of Plaintiff's grievance is attached as Exhibit A hereto.  As of the date of the filing of Plaintiff's Complaint, it has been six weeks since Plaintiff filed his grievance. During this time, he has received no response from the jail about it, in violation of their own grievance procedures, as outlined in Sheriff's Order 11.14.5.0 ("S.O. 11.14.5.0")/ Pursuant to the Sheriff's procedures, the Cook County Sheriff's Office "shall have 15 days upon receipt of the grievance to determine whether it is sustained or not-sustained and assign a remedy, if no exceptions apply." (*Id.*).

19.     The Department of Correction's "No Newspaper" policy is also set forth in Cook County Department of Corrections General Order 9.7.1, which lists all "newspapers" as a form of "institutional contraband."

20.     By having a well-established express policy and practice of prohibiting inmates from obtaining and receiving all newspapers, Defendant Dart directed, knew about, facilitated, approved, condoned, and consented to the conduct that causes and caused  the violation of Plaintiff's constitutional rights; and violated Plaintiff's rights by maintaining policies and practices that were the moving force behind the constitutional violation at issue.

**First Amendment Harm**

21.     The Cook County Department of Correction's policy of absolutely banning imates from obtaining and receiving any and all newspapers violates Plaintiff's rights under the First Amendment, as it unreasonably and irrationally censors and restricts Plaintiff's ability to read a large and important body of First-Amendment protected speech and stay informed and engaged in local news and world events and, in addition, serves as a way to impose ignorance onto Plaintiff and an entire population of inmates at the Cook County Jail of such news and world events.

22.     As a result of the policy, Plaintiff and other inmates have suffered, and continue to suffer injury, including the objective harm of being prohibited from reading newspapers, even though the receiving and obtaining such newspapers (like the Chicago Tribune) does not create any substantial security risk.

**COUNT I**
42 U.S.C § 1983: First Amendment: Unconstitutionally Overlybroad Policy
(Monell Express Policy Claim For Declaratory, Injunctive,
and Nominal Monetary Relief Against Defendant on Behalf of Plaintiff)

23.     Plaintiff  realleges paragraphs 1-23 as if fully set forth herein.

24.     The Cook County Department of Correction's express policy of banning inmates from receiving and obtaining any and all newspapers, including the Chicago Tribune, is overbroad on its face, as it censors and restricts a large and important body of protected speech for no legitimate peneological purpose and is insufficiently tailored to

meet realistic security concerns that might cause disruption and/or produce violence.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter a declaration that the Cook County Department of Correction's absolute ban on inmates receiving and obtaining any and all newspapers violates the First Amendment to the United States Constitution;

b. Enter a permanent injunction barring Defendant Dart and his agents, servants, employees and attorneys from undertaking to ban inmates from receiving and obtaining any and all newspapers, as challenged herein;

c. Enter judgment for reasonable attorney's fees and costs incurred in bringing this action;

d. Award Plaintiff Koger nominal monetary damages ($1.00) for the violation of his First Amendment rights; and

e. Award such other and further relief as this Court may deem appropriate and equitable.

**Plaintiff demands trial by jury.**

Respectfully submitted,

/s/ Mark G. Weinberg

/s/ Zisl Taub Edelson
*Counsel for Plaintiffs*

Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, IL 60641
Ph. (773) 283-3913
Illinois Atty. No. 6199578

Zisl Taub Edelson, Esq.
6257 N. McCormick, Blvd, #144
Chicago, IL 60659
Ph. 773-587-9693
Illinois Atty. No. 6196728