IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY KOGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 C 7150 |
| v. | ) | |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK | ) | Judge Kennelly |
| COUNTY; and COOK COUNTY, ILLINOIS | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

**I. Introduction**

Plaintiff's Amended Complaint (the "Complaint") challenges the constitutionally of Defendant Sheriff's policy of prohibiting all inmates at the Cook County jail from receiving and obtaining newspapers while detained in jail. In particular, Plaintiff's one-count Complaint alleges that Sheriff's blanket ban is an overbroad prohibition on Plaintiff's free speech in violation of the First Amendment of the United States Constitution. Plaintiff seeks three remedies – nominal damages, a declaratory judgment and injunctive relief. The Sheriff seeks to dismiss the Complaint in its entirety. In the analysis below, Plaintiff shows that, contrary to the Sheriff's arguments, he does have standing to pursue his claim against the Sheriff's no-newspaper policy and that all three of his requests for relief are legally sound.

**II.     Defendant Sheriff's Motion to Dismiss**

Defendant Sheriff argues that the Complaint should be dismissed in its entirety. The Sheriff argues that Plaintiff does not have a right to sue for declaratory judgment or injunctive relief. The Sheriff's contends that because Plaintiff has been released from Cook County jail (about which there is no dispute) he is no longer subject to the Sheriff's no-newspaper policy and thus "cannot demonstrate that he suffers any 'continuing, present adverse effects' necessary to seek an injunction or declaratory relief." (Motion at 3.) Notably, the Sheriff motion does not challenge

1

Plaintiff's right to pursue his claim for nominal damages against the Sheriff for being subject to the no newspaper policy during the time he was incarcerated in jail.

### III.     Argument

In the analysis below, Plaintiff seeks to show that the Sheriff's arguments for dismissal miss the mark in several important ways. First, Plaintiff shows that he meets the general requirements to establish standing. Second, Plaintiff shows the Sheriff's failure to dispute Plaintiff's right to pursue nominal damages constitutes nothing less than an admission by the Sheriff of Plaintiff's standing in his case. Third, Plaintiff shows that his request for declaratory judgment is well supported by Seventh Circuit case law. And finally, Plaintiff shows that his request for injunctive relief is perfectly appropriate where, as here, Plaintiff makes a facial challenge to an on-going policy that applies to thousands of people's First Amendment rights.

#### A.     Plaintiff Has Met the General Requirements to Establish Standing.

A party seeking to invoke the jurisdiction of the federal courts must present an "actual case or controversy," a limitation that confines the federal courts to hearing cases that "redress or prevent actual or imminently threatened injury to persons caused by private or official violation of the law." <u>Ezell v. City of Chicago</u>, 651 F.3d 684, 695 (7th Cir. 2011) (citations omitted)**.** The doctrine of standing enforces this requirement, and the doctrine sets forth three requirements: "Standing exists when the plaintiff suffers an actual or impending injury, no matter how small; the injury is caused by the defendant's acts; and a judicial decision in the plaintiff's favor would redress the injury." <u>Ezell v. City of Chicago</u>, 651 F.3d 684, 695 (7th Cir. 2011) (citations omitted)**.**

Here, the allegations in Plaintiff's Complaint make clear that Plaintiff has met all three requirements to establish standing: (1) Plaintiff alleges he suffered an actual injury by being prohibited from exercising his constitutionally-protected First Amendment right to read a newspaper and/ or newspapers while an inmate in Cook County jail (See Dkt. No. 20, Amended Complaint, ¶¶ 21-22); (2) Plaintiff alleges the injury was the direct result of the Sheriff's policy of prohibiting inmates in the Cook County jail from receiving newspapers (<u>Id</u>. at ¶ 16-20); and (3) Plaintiff seeks redress for the injury through this court through, among other things, his request for nominal monetary damages, as well as declaratory and injunctive relief (<u>Id</u>. at ¶24).

2

Accordingly, there can be no question that Plaintiff has met the applicable standing requirements and, having done so, that he is free to pursue his claim against the Sheriff.

### B. The Three Specific Claims for Relief That Plaintiff Seeks Are All Valid and None Offers a Basis for Dismissal.

Plaintiff's Complaint seeks three forms of relief – nominal damages, declaratory judgment, and injunctive relief. (Id. at ¶24). The Sheriff challenges Plaintiff's right to pursue his claim for declaratory judgment and injunctive relief. Taking each form of relief in turn, Plaintiff shows that each is appropriate and none offers a basis for dismissal.

#### 1. Nominal Damages

First, Plaintiff seeks nominal damages for the constitutional harm he incurred in having been subjected to the Sheriff's alleged unconstitutional policy. The Sheriff does not challenge Plaintiff's right to pursue his claims for nominal damages. The Sheriff's failure to challenge Plaintiff's claim for nominal damages is nothing less than an admission by the Sheriff that Plaintiff has standing in this case. Such admission would seem to constitute a rather glaring omission in a motion whose purpose is to dismiss Plaintiff's Complaint in its entirety.

This is good reason for the Sheriff not to have challenged Plaintiff's right to pursue nominal damages. In Carey v. Piphus 435 U.S. 247, 266-67 (1977), the Supreme Court explained that nominal damages are appropriate in cases where the plaintiff alleges the violation of an absolute right. Their purpose is not to compensate the plaintiff, but to "mak[e] the deprivation of such rights actionable" in the absence of a compensable injury. Id.; see also Amato v. City of Saratoga Springs, 170 F.3d 311, 317, 319 (2d Cir. 1999) (nominal damages "guarantee that unconstitutional acts remain actionable"). Moreover, here there has thus far been no resolution to the question of nominal damages for the harm alleged, and thus the controversy between the parties has not ceased to be "definite and concrete." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-241 (1937). Accordingly, this case continues to be a live case and controversy.

#### 2. Declaratory Judgment

Second, Plaintiff seeks a declaratory judgment that the Sheriff's no-newspaper policy is unconstitutional. The Sheriff argues that Plaintiff's request for a declaratory judgment calls for "prospective relief" and "[Plaintiff] lacks standing to seek the prospective relief of a declaratory judgment or permanent injunction." Def's Motion at 2. In so arguing, the Sheriff's analysis

ignores relevant Seventh Circuit case law that makes it clear that where, as here, damages are dependent on a court's making a constitutional determination, a declaratory judgment is appropriate and necessary.

In Crue v. Aiken, 370 F.3d 668, 677-678 (7th Cir. 2004), the Seventh Circuit explained that where a declaratory judgment is a predicate to a determination of liability, a declaratory judgment is an appropriate form of relief: "When a claim for injunctive relief is barred but a claim for damages remains, a declaratory judgment as a predicate to a damages award can survive. Wolff v. McDonnell, 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974); *see also* Powell v. McCormack, 395 U.S. 486, 23 L. Ed. 2d 491, 89 S. Ct. 1944 (1969); Penny Saver Publ'ns, Inc. v. Village of Hazel Crest, 905 F.2d 150 (7th Cir. 1990)."

In Crue, plaintiffs were a group of University of Illinois faculty members who sued a chancellor at the University for attempting to prohibit them from publicly commenting on whether the University should stop using Chief Illiniwek as its school mascot. Plaintiff faculty members claimed that an e-mail sent to them by the school chancellor violated their First Amendment rights by constituting an unlawful prior restraint on plaintiffs' speech. Crue at 677. The Plaintiffs in Crue requested monetary damages, a declaratory judgment and injunctive relief. Id. at 678.

The defendants in Crue argued that the plaintiffs' requests for declaratory judgment and injunctive relief were moot because the offending e-mail had been "retracted". Id. at 677. The Seventh Circuit, however, ruled otherwise, holding that plaintiffs' request for injunctive relief had been mooted but not their request for declaratory judgment. Id. The reason plaintiffs' request for declaratory judgment was not mooted was that in order for the court to make a determination whether damages were warranted it was necessary first for it to make a determination whether the e-mail was in fact unconstitutional — that is, the question of the e-mail's constitutionality was "predicate" to a determination of damages. Id.

As in Crue, so too here. In order for this court to make a determination whether nominal damages are warranted, it is necessary first to make a determination whether the Sheriff's no-newspaper policy is unconstitutional. Accordingly, a declaratory judgment is appropriate and necessary here.

4

### 3. Injunctive Relief

Third, concerning Plaintiff's request for injunctive relief, the Sheriff argues that Plaintiff's request for injunctive relief justifies dismissal of Plaintiff's Complaint because it constitutes an inappropriate claim for "prospective relief." (Def's Motion at 2.) As shown below, the Sheriff's argument is flawed in at least three respects: (a) the Sheriff's argument for dismissal fails to understand that an injunction is a remedy, not a cause of action; (b) the Sheriff's argument for dismissal ignores relevant Seventh Circuit case law that validates Plaintiff's claim for injunctive relief; and (c) the Sheriff's argument ignores the special circumstances surrounding standing as pertains to overbreadth challenges.

### (a) An Injunction Is a Remedy, Not a Cause of Action, and Thus Plaintiff's Request for An Injunction Provides No Basis for Dismissal.

Plaintiff's request for injunctive relief is set forth in his Complaint in the prayer for relief. (See Dkt. No. 20, Amended Complaint) The Sheriff argues that Plaintiff lacks standing to request injunctive relief and that Plaintiff's request justifies dismissal of his Complaint. In so arguing, the Sheriff misconstrues the doctrine of standing by confusing a cause of action with a claim for relief. As the Supreme Court put it in Davis v. Passman, 442 U.S. 228, 239 (1979): "Whether a litigant has a cause of action 'is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive.'" (citations omitted.) Here, as shown above, there is no dispute that standing exists for Plaintiff to pursue his cause of action against the Sheriff's no-newspaper policy.

Moreover, it is well settled that a federal court is free to use any remedy it deems fit: "[It] is...well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." Bell v. Hood, 327 U.S. 678, 684 (1946). Accordingly, where, as here, there is

5

no dispute about standing,[1] there is nothing inappropriate about a request for injunctive relief. Yes, come the conclusion of this litigation and assuming Plaintiff prevails, this court may disagree with Plaintiff about the appropriateness of injunctive relief and deny Plaintiff's request. So be it — the court is free to do so. But Plaintiff's mere request for injunctive relief is not a basis for dismissal of the Complaint pursuant to FRCP 12(b)(6).

     **(b) Relevant Seventh Circuit Case Law Validates Plaintiff's Claim for Injunctive Relief.**

Having established that this court has the power to enjoin enforcement of the Sheriff's no-newspaper policy if it deems such relief just, the question then becomes, if at the end of this litigation, assuming Plaintiff proves that the Sheriff's policy is unconstitutional on its face, would an injunction prohibiting enforcement of the Sheriff's policy be an appropriate remedy? Based on Seventh Circuit case law, the answer is absolutely yes.

In Ezell v. City of Chicago, 651 F.3d 684 (7th Cir. 2011) .the Seventh Circuit made clear that a First Amendment facial challenge like the one at issue is precisely the type of situation where injunctive relieve is appropriate and even "necessary." Ezell was a Second Amendment case where plaintiffs challenged the constitutionality of a City of Chicago ordinance that banned firing ranges in the city but at the same time mandated that applicants for firearms undergo one-hour of firing range training prior to obtaining a gun license. Id. at 689-690. The Ezell plaintiffs argued tht the ordinance violated the Second Amendment and sought a preliminary injunction against its enforcement.

The Seventh Circuit granted plaintiffs an injunction, holding that plaintiffs had a strong likelihood of success on the merits. Id. In its decision, the Court emphasized in no uncertain terms that where a plaintiff successfully challenges an ordinance on its face (to be distinguished from an as-applied challenge), the appropriate remedy is to invalidate the ordinance in its entirety through injunctive relief:

---

[1] To be sure, the issue of Plaintiff's standing to request injunctive relief would be different if prospective relief were all Plaintiff sought here, for in such a situation, Plaintiff would not have standing because, having been released from jail, he would no longer be subjected to the unconstitutional practice and/or at risk of being subject to it in the future. But here, as set forth above, there can be no dispute about Plaintiff's standing based on the harm(s) he has already suffered by having been subjected to the Sheriff's no-newspaper policy and his pursuit of nominal damages.

6

> In a facial challenge like this one, the claimed constitutional violation inheres in the terms of the statute, not its application. See Rosenkranz, *The Subjects of the Constitution*, *62 Stan. L. Rev. at 1229-38*. The remedy is necessarily directed at the statute itself and *must* be injunctive and declaratory; a successful facial attack means the statute is wholly invalid and cannot be applied *to anyone*. Chicago's law, if unconstitutional, is unconstitutional *without regard* to its application--or *in all* [*699] its applications, as *Salerno* requires.

Id. at 698-699. Clearly, the court did not mince its words: the remedy "*must* be injunctive," noting "the statute is wholly invalid and cannot be applied *to anyone"* Id. (emphasis in original). The reason for this is that it is the law itself that causes the unconstitutional harm, not any specific application of it, id. at 698, and thus "[The ordinance's] very existence stands as a fixed harm to every Chicagoan's *Second Amendment* right." Id. at 699 (emphasis in original). Another scholar has described such facially defective laws as "rotten to the core," asserting that such laws should properly considered to be "void."[2]

While Ezell was a second-Amendment case, even a cursory reading of it indicates that its logic applies to facial challenges involving the First Amendment. Actually, it is more accurate to say that the logic behind the Court's holding in Ezell requiring the imposition of injunctive relief in successful facial challenges applies first and foremost to First Amendment facial challenges (as opposed to Second Amendment challenges).[3] Accordingly, given that the Plaintiff here makes a facial challenge to the Sheriff's no-newspaper policy, the logic of Ezell applies forcefully to Plaintiff's claim for injunctive relief.

Based on the Court's logic in Ezell, it follows that, assuming Plaintiff can prove the Sheriff's absolute ban on newspapers is facially defective, this court "must" enjoin the Sheriff's enforcement of its no-newspaper policy. For, like the ordinance in Ezell, the existence of the Sheriff's no-newspaper policy itself is "a fixed harm" to everyone who is subject to it and "[it]

---

[2] See Nicholas Quinn Rosenkranz, The Subjects of the Constitution, 62 Stan. L. Rev. 1209, 1231 (2010) ("A 'facial challenge' is broader and more general, implying, somehow, that the statute is rotten to the core, and perhaps suggesting a sweeping remedial declaration that the statute is 'void.'") (citation omitted).

[3] Throughout its analysis, the Ezell Court analogized the Second Amendment to existing First Amendment doctrine,. More than anything, it was existing First Amendment doctrine that formed the basis and logic of the Court's Second Amendment analysis. The Court noted, among other things, that both the First and Second Amendments (unlike, say, the Fourth Amendment) are presumed to cause "irreparable harm" and as a result the Court found that "the only appropriate remedy is a declaration that the firing-range ban is invalid and an injunction forbidding its enforcement." See Ezell. at 699 fn.10.

cannot be applied *to anyone."* Id. at 698-699 (emphasis in original). Furthermore, as in Ezell, the harm being done by the Sheriff's policy is not the result of the individual specific applications of it; rather, the policy's pernicious effects are inherent to it; they are on-going; and they cut across the board.Thus, Ezell makes clear that the proper response to the Sheriff's facially defective policy (assuming it is proved to be so) is to enjoin its application and enforcement.

      **(c)    The Standing Exception Under the First Amendment's Overbreadth Doctrine Offers An Additional Basis for Plaintiff's Right to Request Injunctive Relief.**

This case involves an overbreadth challenge to the Sheriff's no-newspaper policy. The exception to the standing requirements under the overbreadth doctrine affords Plaintiff the right to seek injunctive relief, and he may do so not just on behalf of himself but also on behalf of others who are subject to the same overbroad policy. In its motion, the Sheriff ignores this important exception.

The First Amendment doctrine of overbreadth is an exception to normal rules regarding the standards for facial challenges. See Virginia v. Hicks, 539 U.S. 113, 118-20 (2003) (The showing that a law punishes a "'substantial" amount of protected free speech, "judged in relation to the statute's plainly legitimate sweep, 'suffices to invalidate all enforcement of that law, until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression.'" (quoting Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973).

In other words, in overbreadth challenges, as here, plaintiffs can bring an action on behalf of others. See Secretary of State of Maryland v. Joseph H. Munson Co., Inc., 467 US 947, 958 (1984) ("he could still facially challenge the statute on behalf of others whose protected expression would be hampered by the law"). That is, a plaintiff who brings an overbreadth challenge is "permitted to challenge a statute not because their own rights of free expression are violated but because of a judicial prediction or assumption that the statute's [or in this Cook County policy's] very existence may cause others not before the court to refrain from constitutionally protected speech or expression." Broadrick, 413 U.S.at 612 (1973); see also Bell v. Keating,697 F.3d 445, 454 fn. 3 (7th Cir., 2012) ("[W]here a plaintiff faced arrest under an allegedly overbroad ordinance, but was either not chilled or not engaging in protected

8

expression, he could still facially challenge the statute on behalf of others whose protected expression would be hampered by the law.")

Accordingly, based on this exception, even though Plaintiff has been released from jail and is no longer at substantial risk of being subjected to the Sheriff's policy in the future (and give his standing to pursue his claims for nominal damages), he is free to pursue an injunction in the name of the thousands of others who are presently subject to the Sheriff's no newspaper policy.

### (d) Why Is O'Shea Inapplicable Here?

Finally, in counsels' last appearance before this court, the court requested that in Plaintiff's brief on this matter he address the question, "How do I get around cases like O'Shea?" The court's question was a reference to the case O'Shea v. Littleton, 414 U.S. 488 (1974) and revealed its concerns with the standing doctrine known as "capable of repetition but evading review," which limits the ability of a plaintiff to bring a claim for injunctive relief when he or she is no longer at risk of being subjected to the alleged offensive conduct.

Plaintiff's answer to the court's question is that neither O'Shea v. Littleton nor its progeny like City Of Los Angeles v. Lyons, 461 U.S. 95 (1983) (nor the principal case that the Sheriff relies on in his motion, Perry v. Sheahan, 222 F. 3d 309, 313 (7th Cir. 2000)) are facial First Amendment challenges (or facial Second Amendment challenges), and thus none of these cases (unlike Plaintiff's case) come under the logic of Ezell or the overbreadth's standing exception. Put differently, the "capable of repetition but evading review" doctrine is alive and well, but its scope is limited and inapplicable to certain types of situations — namely, situations where, as here, the plaintiff makes a facial First Amendment challenge to an existing and on-going policy and has met the standing requirements.[4]

While recognizing that certain issues associated with standing can be confusing, Plaintiff at a minimum hopes to have shown that for purposes of standing and the seeking of injunctive relief what is clear is that facial challenges are treated fundamentally differently than as-applied

---

[4] Both cases relied on by the Sheriff in its motion — City of Los Angeles v. Lyons, 461 U.S. 95 (1983), and Perry v. Sheahan, 222 F. 3d 309, 313 (7th Cir. 2000) — are Fourth Amendment cases, and Fourth Amendment cases are almost always as-applied challenges. See Nicholas Quinn Rosenkranz, The Subjects of the Constitution, 62 Stan. L. Rev. 1209, 1241 (2010) (in Fourth Amendment cases it is the application of a statute that violates the constitution, not its mere existence, and thus facial challenges under the Fourth Amendment are extremely rare).

9

challenges, and this has consequences for when the doctrine of "capable of repetition but evading review," applies. The doctrine does not apply in the circumstances here.[5]

### IV. Conclusion

Plaintiff's Complaint satisfies the pleading standards set forth in F.R.Civ.P. 12(b)(6), and Defendants' motion to dismiss should be denied.

Respectfully submitted,

/s/ Mark G. Weinberg

Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, IL 60641
(773) 283-3913

Zisl Taub Edelson
6257 N. McCormick Blvd #144
Chicago, IL 60659
(773) 587-9693

---

[5] While slightly off-topic, the theoretical reasons for why courts have over time opted to treat facial and as-applied challenges differently for purposes of standing has been the subject of some interesting legal scholarship. See Nicholas Quinn Rosenkranz, The Subjects of the Constitution, 62 Stan. L. Rev. 1209 (2010) (offering a theoretical justification for the difference based on an analysis of the precise words of the Constitutional Amendments themselves).

10