**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY KOGER, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 7150 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Matthew F. Kennelly |
| THOMAS J. DART SHERIFF OF COOK | ) | |
| COUNTY; and COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFEDANTS' ANSWER TO PLAINTIFF'S COMPLAINT</u>**
**<u>AND AFFIRMATIVE DEFENSES</u>**

NOW COME DefendantS THOMAS J. DART, SHERIFF OF COOK COUNTY,  AND COOK COUNTY, ILLINOIS by and through their attorney, ANITA ALVAREZ, Cook County State's Attorney, through her assistant, Brenden Bryant, and answer Plaintiff's Complaint as follows:

**<u>Nature of the Case</u>**

1.      This is a civil rights action in which Plaintiff seek relief for Defendants' violation of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, and the First Amendment of the United States Constitution.

**Answer:        Defendants agree that Plaintiff brings this suit under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the First Amendment of the United States Constitution.**

2.      At all times relevant, Defendant Dart has promulgated and enforced a constitutionally defective policy that prohibits all inmates at the Cook County Jail from receiving and obtaining any newspapers, including the <u>Chicago Tribune</u> while detained in jail, resulting in

1

the interference with Plaintiff's and other inmates' First Amendment under the United States Constitution.

**Answer:** **Defendants admit that Cook County Jail policy prohibits detainees from receiving the newspaper in the mail. With respect to the remaining allegations, Defendants deny any wrongdoing.**

3.      Plaintiff seeks a declaratory judgment that Defendant Dart's policy of prohibiting inmates from receiving newspapers violates Plaintiff's First Amendment rights. Plaintiff also seeks permanent injunctive relief to prohibit Defendant Dart from enforcing such a policy in the future. Plaintiff also seeks nominal monetary damages ($1.00) for Defendant Dart's violation of his First Amendment rights, as well as such other relief as this Court deems equitable and just.

**Answer:** **Defendants agree that Plaintiff seeks a declaratory judgment, permanent injunctive relief,  and $1.00 in nominal damages. Defendants deny any wrongdoing.**

**Jurisdiction and Venue**

4.      Jurisdiction is proper in this court pursuant to 28 U.S.C. §§1331 and 2201. Pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper. Rule 65 of the Federal Rules of Civil Procedure authorizes injunctive relief. This Court has authority to award costs and attorney's fees under 42 U.S.C §§1988 and 3613(c)(2).

**Answer:** **Defendants agree that jurisdiction in this court is proper. Defendants do not agree that injunctive relief is appropriate as Plaintiff lacks standing.**

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all the events giving rise to the claims asserted herein occurred in Cook County.

2

**Answer:** **Defendants agree that venue in this district is proper.**

<u>Parties</u>

6.     Plaintiff Gregory Koger is a citizen of the United States and at all times relevant hereto was a resident of the City of Chicago, County of Cook, State of Illinois.

**Answer:** **Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

7.     Defendant Thomas J. Dart is and at all times relevant hereto was the Sheriff of Cook County and is and was responsible for the day-to-day operations of the Cook County Department of Corrections. Plaintiff sues Dart in his official capacity.

**Answer:** **Defendants admit the allegations contained in this paragraph.**

8.     Plaintiff joins Cook County pursuant to <u>Carver v. Sheriff of LaSalle County</u> 324 F.3d 947 (7th Cir. 2003). Cook County is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any Cook County employee acting within the scope of his/her employment is found liable.

**Answer:** **Defendants admit that Cook County is empowered to pay any judgment for compensatory damages for which any Cook County employee acting within the scope of his/her employment is found liable.**

<u>Factual Allegations</u>

9.     Plaintiff was admitted to Cook County Jail, located at 2600 South California Ave., Chicago, Illinois, on or about July 23, 2013 to serve the remaining portion of his 300-day sentence for misdemeanor criminal trespass, simple battery, and resisting arrest. (<u>People v. Koger</u>, Case No. 09-200 4948 01, Circuit Court of Cook County, Criminal Division).

**Answer:** **Defendants admit that Plaintiff was admitted to Cook County Jail on or about July 23, 2013.**

10. Plaintiff is set to be released from Cook County Jail on or around October 24, 2013.

**Answer:** **Defendants admit that Plaintiff was released from Cook County Jail on or around October 24, 2013.**

11. On August 7, 2013, Plaintiff's friend Barbara Lyons sent him at the jail a copy of a <u>Chicago Tribune</u> newspaper, dated August 5, 2013 to keep him up to date and informed on news and public affairs in Chicago and throughout the world.

**Answer:** **Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

12. On August 13, 2013, the newspaper was returned to Barbary Lyons in the same manila envelope in which it was sent, with the word "Return!" written in black magic marker on the face of the envelope.

**Answer:** **Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

13. Inside the returned envelope, there were two items: the returned copy of the <u>Chicago Tribune</u> and a form entitled "Cook County Department of Corrections/Notice of Return Mail," which lists 40-plus items prohibited from being sent to inmates at the jail, including an item that reads "No Newspapers."

**Answer:** **Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

14.     On the enclosed form, the item "No Newspapers" was circled and checked with an "X," thereby indicating that this was the basis for the jail's decision to return the Tribune to Plaintiff's friend Barbary Lyons.

**Answer:      Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

**Section 1983 Liability Against Defendant Dart**
**For Jail's Unconstitutional Policy**

15.     Plaintiff was never given notice by the jail that the newspaper was returned to its sender.

**Answer:      Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

16.     The Cook Department of Corrections has a formal written policy that absolutely prohibits inmates at the Cook County Jail from receiving and obtaining newspapers.

**Answer:      Defendants admit the allegations contained in this paragraph.**

17.     The form described above, entitled "Cook County Department of Corrections/Notice of Return Mail," clearly indicates the existence of such policy.

**Answer:      Defendants admit the allegations contained in this paragraph.**

18.     In addition, the Cook County Department of Correction's own website sets forth an alphabetical list of items the "CAN NOT be sent to an inmate," and includes on this list a blanket ban on "newspapers." (See, http://www.cookcountysheriff.org/doc/doc_inmatemail.html last visited on October 4, 2013).

**Answer:      Defendants admit the allegations contained in this paragraph.**

19.     The Department of Correction's "No Newspaper" policy is also set forth in Cook County Department of Corrections General Order 9.7.1, which lists all "newspapers" as a form of "institutional contraband."

**Answer:**     **Defendants admit the allegations contained in this paragraph.**

20. By having a well-established express policy and practice of prohibiting inmates from obtaining and receiving all newspapers, Defendant Dart directed, knew about, facilitated, approved, condoned and consented to the conduct that causes and caused the violation of Plaintiff's constitutional rights; and violated Plaintiff's rights by maintaining policies and practices that were the moving force behind the constitutional violation at issue.

**Answer:**     **Defendants deny the allegations contained in this paragraph.**

**First Amendment Harm**

21.     The Cook County Department of Correction's policy of absolutely banning inmates from obtaining and receiving any and all newspapers violates Plaintiff's rights under the First Amendment, as it unreasonably and irrationally censors and restricts Plaintiff's ability to read a large and important body of First-Amendment protected speech and stay informed and engaged in local news and world events and, in addition, serves as a way to impose ignorance onto Plaintiff and an entire population of inmates at the Cook County Jail of such news and world events.

**Answer:**     **Defendants deny the allegations contained in this paragraph.**

22.     As a result of the policy, Plaintiff and other inmates have suffered, and continue to suffer injury, including the objective harm of being prohibited from reading newspapers, even though the receiving and obtaining such newspapers (like the Chicago Tribune) does not create any substantial security risk.

**Answer:** **Defendants deny the allegations contained in this paragraph.**

## COUNT I

42 U.S.C § 1983: First Amendment: Unconstitutional Overlybroad Policy
(<u>Monell</u> Express Policy Claims for Declaratory, Injunctive, and Nominal Monetary Relief
Against Defendant on Behalf of Plaintiff)

23.     Plaintiff reallges paragraphs 1-23 as if fully set forth herein.

**Answer:** **Defendants incorporate their answers in paragraphs 1-23 as if fully set forth herein.**

24.     The Cook County Department of Correction's express policy of banning inmates from receiving and obtaining any and all newspapers, including the <u>Chicago Tribune</u>, is overlybroad on its face, as it censors and restricts a large and important body of protected speech for no legitimate peneological purpose and is insufficiently tailored to meet realistic security concerns that might cause disruption and/or produce violence.

**Answer:** **Defendants deny the allegations contained in this paragraph.**

## AFFIRMATIVE DEFENSES

1.     Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendants are entitled to the defense of qualified immunity.

2.     To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent Defendants are named in their official capacity, Defendants are immune from having to pay punitive damages to Plaintiff.

3.     Defendant Dart has no knowledge of, or had any personal involvement in Plaintiff's alleged constitutional violations.

7

4.      The Sheriff's policy that newspapers may not be mailed to detainees is rationally related to a legitimate penalogical interest. *Turner v. Safley*, 482 U.S. 78 (1987).

Defendant has not fully completed Defendant's investigation of the facts relating to this case and discovery in this action.  Thus, all the affirmative defenses contained herein are based only upon such information and documents which are presently available and specifically known to Defendant.  Defendant reserves the right to name additional affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendants  respectfully requests trial by jury.

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff, request that Plaintiff be entitled to no compensation, that Defendants be awarded all fees and costs incurred in defending this claim and for other such relief that this Court deems appropriate.

Date: March 17, 2014                                     Respectfully submitted,

                                                                        ANITA ALVAREZ
                                                                        State's Attorney of Cook County

                                                        By:      /s/ *Brenden Bryant*
                                                                        Brenden Bryant
                                                                        Assistant State's Attorney
                                                                        50 West Washington, Suite 500
                                                                        Chicago, IL 60602
                                                                        (312) 603-5471

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GREGORY KOGER,                              )
                                           )
                Plaintiff,                  )          13 C 7150
                                           )
        vs.                                 )          Honorable Judge
                                           )          Matthew F. Kennelly
THOMAS J. DART SHERIFF OF COOK              )
COUNTY; and COOK COUNTY, ILLINOIS,          )
                                           )
                                           )
                                           )
                Defendant.                  )


**NOTICE OF FILING**

**To**:    Mark G. Weinberg
          3612 N. Tripp Avenue
          Chicago, Il 60641


          **PLEASE TAKE NOTICE** that on March 17, 2014 I caused to be filed with the Clerk of
the United States District Court, Northern District of Illinois, Eastern Division, the attached
*Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint* .

                              Respectfully Submitted,

                              ANITA ALVAREZ
                              State's Attorney of Cook County

                    By:       /s/ *Brenden Bryant*_____
                              Brenden Bryant
                              Assistant State's Attorney
                              Torts/Civil Rights Litigation Unit
                              50 W. Washington St., Room 500
                              Chicago, IL 60602
                              (312) 603-5471

9

<u>**CERTIFICATE OF SERVICE**</u>

       I, Brenden Bryant, Assistant State's Attorney, hereby certify that I caused a copy of the above notice, together with the documents herein referred, to be filed with CM/ECF, on March 17, 2014, at or before 5:00 p.m. and to be sent to all parties.


                                  <u>/s/ *Brenden Bryant*</u>
                                   Brenden Bryant