UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY KOGER | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 7150 |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS J. DART, et al., | ) | Judge Matthew F. Kennelly |
| | ) | Magistrate Judge Keys |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF DAN MORECI**

Pursuant to Federal Rule of Civil Procedure 37(c), Plaintiff Gregory Koger, through counsel, respectfully moves this Honorable Court to strike the affidavit of Dan Moreci (Dkt. 74-1), which Defendants have submitted in support of their motion for summary judgment and response to Plaintiff's motion for summary judgment. Moreci was never disclosed as a witness in discovery, the information contained in the affidavit was never disclosed in discovery, and the statements contained in the affidavit directly contradict deposition testimony and sworn interrogatory answers.

**I.  Background**

This is a First Amendment case challenging the Cook County Jail's policy prohibiting all newspapers in the jail. A key issue in this case is what rationales the jail has for this policy. The bulk of Plaintiff's discovery efforts in this case were aimed at determining the jail's rationales for the newspaper ban and probing the validity of those rationales. In discovery, Defendants were given multiple opportunities to state and explain their rationales for the newspaper ban, including an affidavit submitted in response to Plaintiff's motion for a preliminary injunction, interrogatory answers, and a Rule 30(b)(6) deposition of Scott Kurtovich, the jail's executive director of training. Defendants put forth five, and only five, rationales:

     1.      newspapers pose a fire risk;
     2.      newspapers can clog plumbing;
     3.      newspapers can cause sanitation issues;
     4.      newspapers can be "fashioned into weapons"; and
     5.      newspapers pose a risk of inmate-on-inmate violence if inmates learn of the nature of fellow inmates' charges or learn about gang activity outside the jail.

See, Ex. 1, Affidavit of Michael Holmes (identifying "fires" and "inmate on inmate violence"); Ex. 2, Defendant's Interrogatory Response, p. 2, ¶ 4 (referring to Holmes' affidavit and stating "In addition, ... newspapers are not allowed ... due to the fact that newspapers can be fashioned into weapons, sanitation issues, as well as plumbing issues."); Ex. 3, Dep. of Kurtovich, p. 8-9 ("Q. [F]ive things have been identified to us as the possible rationales for the ban on receiving newspapers. ... So so far we have learned about a risk of fire? A. Yes. Q. A risk of inmate-on-inmate violence? A. Yes. Q. Possible sanitation issues? A. Yes. Q. Plumbing issues? A. Yes. Q. And a risk of newspapers being fashioned into weapons? A. Yes. Q. Other than those five ... is there any other reason or rationale for the ban on inmates receiving newspapers? A. Not that I'm aware of.")

     Now, Defendants have filed a motion for summary judgment relying in large part on an entirely new rationale for the policy that was never disclosed in discovery, and about which Plaintiff had no opportunity to inquire. Specifically, Defendants now contend that permitting detainees to receive newspapers would pose an untenable administrative burden on the jail's mailroom staff, requiring the sheriff to hire 12 new full-time employees (doubling their current staff) to screen newspapers for contraband. (See, Dkt. 72, Defendants' motion for summary judgment, p. 10-12.) Moreover, Defendants support this new and undisclosed rationale for the policy with nothing but an affidavit from Dan Moreci, a new witness whom Defendants never disclosed to Plaintiffs in discovery.

     The law does not permit such "gotcha" tactics. The affidavit should be stricken.

II.     Relevant Law

    A.     The Affidavit Should Be Stricken Because it Directly Contradicts Prior Sworn Testimony from the Defendant's 30(b)(6) Witness

Federal Rule of Civil Procedure 30(b)(6) permits a party to take the deposition of an entity. "The named organization must designate one or more ... persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. ... The persons designated must testify about information known or reasonably available to the organization." Fed.R.Civ.Pro. 30(b)(6). Courts have explained: "a Rule 30(b)(6) witness testifies vicariously, for the corporation, as to its knowledge and perceptions." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006).

In this case, Defendants produced Scott Kurtovich as the sheriff's 30(b)(6) designee to testify on the sheriff's behalf about the jail's policies. In a footnote to the affidavit of Moreci, Defendants seem to indicate that Moreci is now the sheriff's 30(b)(6) witness due to the retirement of Scott Kurtovich. See, Dkt. 74-1, n.1 ("the previously assigned 30(b)(6) witness ... Scott Kurtovich has retired from his position....") If that is the case, Mr. Moreci cannot be permitted to submit an affidavit on behalf of the sheriff that contradicts sworn testimony previously given on behalf of the sheriff by Mr. Kurtovich.

The Seventh Circuit has repeatedly explained that it is a "well-established rule that affidavits in conflict with prior sworn testimony should be disregarded." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000); citing *Adusumilli v. City of Chicago*, 164 F.3d 353 (7th Cir. 1998) ("A party cannot prevail on a motion for summary judgment by submitting an affidavit containing conclusory allegations which contradict plain admissions in prior deposition or otherwise sworn testimony. Therefore, where deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the

deposition was mistaken....") (internal citations omitted); see also, *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1296 (7th Cir.1993).

In his Rule 30(b)(6) deposition, Kurtovich testified that there were five rationales for the jail's newspaper ban and denied the existence of any other reasons.[1] Now, Defendants have offered an entirely new rationale for the policy from someone whom they contend is their new 30(b)(6) witness. The affidavit must therefore be disregarded.

> B. **Moreci's Affidavit Should Be Stricken Because Moreci Was Never Disclosed as a Witness and the Information Contained in the Affidavit Was Never Disclosed**

Federal Rule of Civil Procedure 37(c) states, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Fed. R. Civ. P 37(c)(1). The sanction of exclusion of the undisclosed witness or evidence is intended to provide "a strong inducement for disclosure" of material that the disclosing party would expect to use as evidence, whether at trial, at a hearing, or on a motion. Fed. R. Civ. P. 37(c)(1) advisory committee's notes to 1993 amendment; *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 359 (W.D.N.Y. 2011) ("If the Federal Rules of Civil Procedure are to be effective and meaningful, parties should not be permitted to conceal potential sources of responsive information in the hope that the opposing party does not discover their deliberate omission until the discovery deadline has expired.") The Seventh Circuit has long held that the exclusion of undisclosed material is "automatic and mandatory" unless the party who failed to disclose the evidence can demonstrate that the failure to disclose was substantially

---

[1] Plaintiff even asked if there was anyone else who worked at the jail who would know of other rationales for the policy, and Kurtovich said no. Ex. 3, Dep of Kurtovich, p. 9 ("Q: Do you know whether there is someone else within the Sheriff's department who would be aware of other rationales? A. No.")

4

justified or harmless. *Finley v. Marathon Oil Co.*, 75 F. 3d 1225, 1230 (7th Cir. 1996); *David v. Caterpillar, Inc.*, 324 F.3d 851 (7th Cir. 2003); *Happel v. Walmart Stores, Inc.*, 602 F.3d 820 (7th Cir. 2010).

Here, the Defendants' failure to disclose Mr. Moreci and their new "administrative burden on the mailroom" rationale for the newspaper ban was neither justified nor harmless. First, Plaintiff was not permitted any opportunity to explore the basis for Moreci's statements about the alleged administrative burdens that newspapers would create. Plaintiff did not conduct discovery about how mailroom staff screens paper coming into the jail, nor did Plaintiff have an opportunity to examine whether Moreci's statements about needing additional staff were supportable. Likewise, Plaintiffs filed their motion for summary judgment on October 20, 2014, addressing and attacking each of the rationales for the newspaper ban the jail has put forth in discovery. However, Plaintiffs were not able to address this new rationale because it was never disclosed. Therefore, Plaintiffs were denied a fair opportunity not only to conduct discovery, but also to fully brief their motion for summary judgment.

Finally, Kurtovich's retirement does not excuse the failure to disclose Mr. Moreci as a witness. Moreci could and should have been disclosed if Defendants intended to rely on his statements (particularly where those statements contradict or go beyond Kurtovich's testimony). Moreci was not hired to replace Kurtovich. No, his own affidavit establishes that he has worked at the jail for 24 years. See Dkt. 74-1, ¶ 1.

**Conclusion**

For the above-stated reasons, Plaintiff respectfully requests that this Honorable Court enter an order striking the affidavit of Dan Moreci (Dkt. 74-1).

5

Respectfully submitted,

/s/ Adele D. Nicholas
*Counsel for Plaintiff*

Adele D. Nicholas
4510 N. Paulina Street, 3E
Chicago, Illinois 60640
847-361-3869

Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
773-283-3913