**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREFORY KOGER, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 7150 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Matthew F. Kennelly |
| THOMAS J. DART SHERIFF OF COOK | ) | |
| COUNTY; and COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFEDANT'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDNATS COOK COUNTY AND SHERIFF THOMAS DART**

NOW COMES, the Defendants THOMAS J. DART SHERIFF OF COOK COUNTY; and COOK COUNTY, ILLINOIS by and through his attorney, ANITA ALVAREZ, State's Attorney of Cook County, through BRENDEN BRYANT, Assistant State's Attorney, and submits Defendants' Answer to Plaintiff's First Set of Interrogatories to Defendants Cook County and Sheriff Thomas Dart states as follows:

1. State the name, title, address and telephone number of each person who is answering these interrogatories, assists in answering these interrogatories, or is consulted in answering these interrogatories.

**ANSWER:** Nicholas Scouffas, Deputy General Counsel, Cook County Sheriff's Office and Brenden Bryant, Assistant State's Attorney of Cook County

2. State and describe the reasons for refusing to deliver the *Chicago Tribune* sent to Plaintiff by Barbara Lyons on August 8, 2013.

**ANSWER:** **See General Order 14.10 which states newspapers will not be accepted through the mail for delivery to inmates.**

3. Identify and describe (a) all Cook County sheriff department policies, regulations, general order, and special orders, and other rules regarding detainees' right to receive and obtain books, magazines, newspapers, newsletters, or any other printed materials at the Cook County Jail; (b) identify in particular how long the Department of Correction's "No Newspaper" policy as set forth in Cook County Department of Corrections General Order 9.7.1, which lists all "newspapers" as a form of "institutional contraband," has been in effect; and (c) identify in particular how long the Department of Correction's "No Newspaper" policy as set forth in Cook County Department of Corrections General Order 14.10, which concerns mail procedures at Cook County Jail and which defines newspapers and newspaper articles as contraband has been in effect.

**ANSWER:** **See General Order 9.7.1 which became effective January 29, 2007; 14.10, which became effective on July 27, 2007.**

4. Identify and describe Defendants' rationale(s) for the above-referenced policies.

**ANSWER:** **Defendant objects to this interrogatory as vague, and not reasonably calculate to lead to admissible evidence. Notwithstanding this objection, please see Exhibit #1 attached to Defendant's Response in Opposition to Plaintiff's Motion for preliminary injunction (CM/ECF Document #15). In addition, Defendant states that newspapers are not allowed to be mailed due to the fact that newspapers can be fashioned into weapons, sanitation issues, as well as plumbing issues.**

5. State whether Defendants have ever conducted a study to analyze the effect of

detainees' access to newspapers on security or management at the Jail; and describe the contents and findings of such study or studies.

**ANSWER:** **No study has been conducted.**

6. Identify and describe (a) any fires and/or other incidents that have been the result of newspapers in the Jail within the last 10 years; and (b) any inmate-on-inmate violence that has resulted with the last 10 years from detainees obtaining newspapers, as identified in the affidavit, dated November 31, 2013, by Michael Holmes, the Assistant Executive Director of Cook County Department of Corrections, and which was submitted in this case.

**ANSWER:** **Defendant objects to this interrogatory as it requests documents dating back 10 years, and as such, is overly broad and the production of such documents would be unduly burdensome. Notwithstanding, the denial of inmates receiving newspapers through the mail has resulted in a lack of the incidents described in this interrogatory.**

7. State whether the Jail maintains (a) records of detainees' subscriptions to publications (including newspapers, magazines or any other periodical) and/or (b) records of detainees' receipt of books via the mail. If the Jail maintains either type of record, state how long such records are maintained, by whom such records are maintained and where such records are maintained.

**ANSWER:** **See General Order 14.10. (a) As stated in General Order 14.10, inmates are not permitted to receive subscriptions to magazines or periodical publications. (b) A record is kept of each detainee's incoming mail history. This record is kept in the Jail Management System.**

8. Identify and describe (a) whether Cook County jail has a library for libraries) of

books, magazines, and/or newspapers; (b) which detainees are permitted to visit the library (or libraries) and for how long (e.g., hours per day and number of days per weeks); (c) where the library (or libraries) are located; (d) the library's (or libraries') hours of operation; € the names of magazines and newspapers to which the library (or libraries) subscribe; (f) the library's (or libraries') checkout policies pertaining to the materials in the library, including whether detainees are allowed to check out books and or any other reading materials from the library,.

**ANSWER: See General Order 24.14.15.0; 14.3; 14.7. (a) Each division, with the exception of 17 and 8, has a library. There is also a request and delivery option for inmates in Cermak and Divisions 17 and 8. (b) Inmates must submit request forms to visit the library. There are 2 library sessions in the morning and 1 in the afternoon. (c) See a. (d) See b (e) Magazines are provided by a donation basis. Therefore there is no list of the magazines that are kept. Newspapers are not kept in the libraries. (f) 3 books may be checked out**

9. Identify and describe whether detainees currently are permitted the to possess following items (and if the answer is "yes" to any of the items below, identify, if relevant, the number and/or amount of such items that are permitted to be in the possession of the detainee):

(a) access to sheets, blankets and towels in cells;
(b) access to thermal underwear and t-shirts in cells;
(c) the ability to keep books and/or magazines in cells;
(d) the ability to keep legal papers in their cells;
(e) the ability to keep letters from friends and family in their cells;
(f) the ability keep a Bible (soft-cover) in their cells;
(g) the ability keep a copy of the Inmate Hand Guide and Inmate Rules in their cells;
(h) the ability to keep grievance forms and forms regarding detainee requests to Jail officials
(i) in their cells;
(j) the ability to keep pencils and/or pens in their cells;
(k) access to email or the Internet and where such access is available;
(l) access to television(s) in cells; and
(m) access to radios in cells;

**ANSWER:** **(a) 2 sheets, 1 blanket, 1 towel and 1 washcloth; (b) yes; whatever thermal underwear and/or t-shirts purchased from commissary; (c) yes; 3 books and 3 magazines (d) yes (e) yes (f) yes (g) yes (h) yes (i) no question (j) detainee pens (k) no (l) 1 television in the dayroom (m) no**

10. Identify all items available for purchase from the Jail's commissary (a.k.a. canteen) and identify whether a person can purchase any of the following: (a) paper (loose-leaf or in a pad); (b) pencils and/or pens; (c) a Bible; (d) books (if any, please identify names of such books); € magazines (if any, ;ease identify names of such magazines); and (f) toilet paper.

**ANSWER:** **See "Keefe Commissary Network"**

11. Identify and describe whether the Jail has a policy or practice that requires (a) a sender to be notified every time the Jail or Jail Staff Persons decides not to deliver to a detainee a book, magazine, newspaper or letter from the sender; and (b) the detainee to be notified every time the Jail or Jail Staff Persons decides not to deliver to a detainee a book, magazine, newspaper or letter from a sender.

**ANSWER:** **See General Order 14.10. Pursuant to General Order 14.10, both the sender and the detainee are notified when mail is returned to sender.**

12. Identify and describe whether the Jail maintains entries in logs, spreadsheets, or rosters listing incoming mail addressed to detainees and indicating whether such mail was delivered to the detainee.

**ANSWER:** **See General Order 14.10. For each inmate, the Jail maintains a log of incoming mail history. The log indicates whether the mail was delivered or returned to sender.**

13. Have there ever been grievances made by inmates at the Jail alleging First

Amendment violations? If yes, for each complaint, identify the person(s) who made the complaint and the conduct complained of the substance of the complaint, and the outcome.

**ANSWER:** **Defendant objects to this interrogatory as it is overly broad and unduly burdensome. In addition, Defendant objects as this interrogatory is not likely to lead to the discovery of any relevant material.**

14. Has Cook County or Sheriff Dart ever been a party in any civil lawsuit alleging First Amendment violations within the past ten years? If yes, for each lawsuit, state:

a) the court in which the lawsuit was filed, the date filed, and the case number;
b) the nature of the lawsuit, including the conduct complained of;
c) the outcome of each case, including the amount of any settlement, verdict, and/or judgment.

**ANSWER:** **Plaintiff agreed to limit this request to suits related to (1) the jail's policies on detainee access to newspapers; and (2) failure to notify detainees of mail that has not been delivered to them. Following a search on LEXIS as well as the State's Attorney's law calendar system, no such suits were found.**

15. Other than persons identified in the above interrogatories, identify all persons who have knowledge which in any way relates to the matters alleged in the complaint including any of the facts, claims, defenses, and/or alleged damages in this case. For each person identified, state the name, address and telephone number, together with a summary of the general substance of the discoverable information held by each person.

**ANSWER:** **Scott Kurtovich. Supt. Salon Martinez; Supt. Division 10; Commander David Hudik, Commander Division 10.**

16. Identify and describe any convictions that you may seek to introduce as impeachment of a witness or for any other purpose at trial.

**ANSWER:** **None.**

17. For any and all affirmative defenses you assert in this case, fully describe the factual basis to support each defense asserted; identify all documents, electronically stored information, and things you may use to support each asserted defense; and identify all persons that have any information or knowledge related to any defense asserted.

**ANSWER:** **See Defendant's Answer to Plaintiff's Complaint and Affirmative Answers, which provide the legal basis for each affirmative answer, citing to relevant authority.**

18. Even if previously identified, identify each and every witness who you may call at trial to give opinion testimony that is covered by Federal Rule of Civil Procedure 26(a)(2)(A), or Federal Rule of Evidence 701. For each witness identified, provide a complete statement and description of all opinions that may be elicited, the basis and reasons therefor, and the data or information considered by the witness in forming the opinions.

**ANSWER:** **Investigation continues.**

19. Other than individuals previously identified in response to these interrogatories, please identify all individuals with discoverable information pertaining to the allegations in the complaint, including the facts of the occurrences, the alleged policies of the Defendants, and the claimed damages. Please state each person e.g. name, address and telephone number along with a short description of the discoverable information held by each person.

**ANSWER:** **Investigation continues.**

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/*Brenden Bryant*
Brenden Bryant
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312)603-5471